UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOUGLAS NITCH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 08-cv-77-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Douglas Nitch (Doc. 1). The Government has responded to the motion, and Petitioner has replied. For the following reasons, the Court DENIES the Motion.

## BACKGROUND

### I. Procedural Posture

On December 5, 2002, Douglas Nitch was indicted by a federal grand jury on charges of conspiracy to manufacture, possess with intent to distribute, and to distribute 500 grams or more of a mixture or substance containing methamphetamine A fourth superceding indictment likewise charged Nitch with conspiracy to manufacture, possess with intent to distribute, and to distribute 500 grams or more of a mixture or substance containing methamphetamine. Nitch proceeded to trial and was found guilty by a jury of the conspiracy charge. By special verdict, the jury found that the Government had proved beyond a reasonable doubt that the conspiracy involved 500 grams or more of a mixture and substance containing methamphetamine . This Court sentenced Nitch to a term of 168 months in prison. Nitch appealed his conviction, contending that there was an impermissible variance between the single conspiracy charged in

the indictment and the multiple conspiracies proven at trial. Nitch also appealed his sentence, contending it was unreasonable. The Seventh Circuit Court of Appeals affirmed both the conviction and the sentence. Nitch timely filed this § 2255 action on February 4, 2008.

## II.     Facts

At trial, evidence was presented to establish the following facts. In 1999, while he was still a high school student, Nitch learned how to manufacture methamphetamine (meth). He and various meth addicts in McLeansboro, Illinois taught each other how to produce meth and helped each other get the supplies necessary to produce meth with the goal of producing enough of the drug to feed their shared addictions. Toward this end, Nitch cooked meth and taught others how to cook meth. Then, in late 2000 or early 2001, Nitch left McLanesboro and moved to Missouri. The McLeansboro conspiracy continued on without Nitch. Certain individuals who joined the conspiracy after Nitch's move to Missouri never met nor had contact with Nitch.

## ANALYSIS

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a §

2

2255 motion constitutional issues that he could have, but did not, raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816. The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

In the instant petition, Nitch contends that his trial counsel was constitutionally deficient in the following ways: 1) counsel failed to challenge Nitch's relevant conduct at sentencing, 2) counsel failed to establish that Nitch had withdrawn from the charged conspiracy at a point in time outside of the relevant five year statute of limitations, 3) counsel failed to properly advise Nitch of the consequences of pleading not guilty and proceeding to trial.

I.   **Ineffective Assistance of Counsel Claims**

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective*

assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain*, 211 F.3d at 434. The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694). "A mere possibility of prejudice does not qualify as actual prejudice." *Prewitt v. United States*, 83

4

F.3d 812, 819 (7th Cir. 1996). In evaluating these issues this Court must keep in mind that "the ultimate objective [of our legal system is] that the guilty be convicted and the innocent go free." *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996) (citation omitted). Finally, the Court need not evaluate both prongs of the *Strickland* test; "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 697).

    A.    **Failure to Challenge Relevant Conduct at Sentencing**

Nitch claims that his sentence violates due process because the Court erroneously submitted the question of drug quantity to the jury as a sentencing factor to be found beyond a reasonable doubt rather than as an element of the crime to be found beyond a reasonable doubt. Nitch is mistaken in his belief that drug quantity is an element of a drug offense; it is not. *See, United States v. Clark*, 538 F.3d 803, 812 (7th Cir. 2008). However, under *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000), Nitch had the constitutional right to have the drug quantity for which he was responsible charged in the indictment and found beyond a reasonable doubt by a jury, because that fact served to increase the statutory maximum sentence that the Court could have imposed.

Here, the Fourth Superceding Indictment charged that the conspiracy that Nitch was involved in was responsible for 500 grams or more of a mixture or substance containing methamphetamine. The jury returned a special verdict form, signed by the foreperson and the eleven other jurors, finding beyond a reasonable doubt that the conspiracy that Nitch was involved in was responsible for 500 grams or more of a mixture and substance containing methamphetamine. Accordingly, the Due Process Clause was satisfied, and any contention by

5

Nitch's trial attorney at sentencing to the contrary would have been futile. The failure to raise a futile argument cannot be considered objectively unreasonable. *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). Therefore, Nitch cannot meet the first prong of the *Strickland* test on this claim.

Nitch also appears to contend that his counsel should have argued that the Court could not sentence Nitch under 21 U.S.C. § 841(b)(1)(A)(viii) because the jury found that his relevant conduct was 500 grams or more of "a mixture and substance containing methamphetamine," instead of 500 grams or more of "methamphetamine." Any such argument would have been frivolous. 21 U.S.C § 841(b)(1)(A)(viii) reads:

> Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
>
> In the case of a violation of subsection (a) of this section involving--
>
> 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers **or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine**, its salts, isomers, or salts of its isomers;
>
> such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . . .
> (Emphasis added).

It is not objectively unreasonable for counsel to refuse to raise a frivolous argument. Therefore, Nitch cannot meet the first prong of the *Strickland* test on this claim, either.

### B. Failure to Establish Withdrawl from Conspiracy

At sentencing, Nitch's counsel raised the argument that Nitch had willingly left the conspiracy and began living a law abiding life when he moved to Missouri. His counsel urged the Court to consider this when fashioning Nitch's sentence. Nitch argues that this was insufficient. Nitch contends that his counsel was ineffective for failing to establish that he had

withdrawn from the alleged conspiracy when he moved to Missouri in late 2000 or early 2001, putting his involvement in the conspiracy outside the applicable statute of limitations. Simple mathematics defeats this claim.

Under 18 U.S.C. § 3282, the statute of limitations for conspiracy is five years. For purposes of the statute of limitations, a superceding indictment relates back to the original indictment. *United States v. Pearson*, 2340 F.3d 459, 465 (7th Cir. 2003). "This means that the government in a criminal conspiracy prosecution must demonstrate that a conspiracy existed and that 'the defendant was a member of the conspiracy at some point in the five years preceding the [original] indictment.'" *United States v. Sax*, 39 F.3d 1380, 1386 (7th Cir. 1994) (citing *United States v. Read*, 658 F.2d 1225, 1232 (7th Cir.1981)).

Here, the original indictment against Nitch was returned in December 2002. Nitch actively participated in the conspiracy by cooking meth in 1999. He contends he withdrew from the conspiracy in late 2000 or early 2001. Even if the Court were to tee off the 1999 date, the indictment against Nitch was still returned prior to the expiration of the five year statute of limitations. Accordingly, this would have been a futile argument for his counsel to have raised. The failure to raise a futile argument cannot be considered objectively unreasonable. *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). Therefore, Nitch cannot meet the first prong of the *Strickland* test on this claim.

C.  **Failure to Properly Advise**

Finally, Nitch contends that his counsel failed to properly advise him of the consequences of pleading not guilty and proceeding to trial. Nitch contends that his trial counsel was constitutionally deficient because he failed to adequately put forth the affirmative defense that Nitch withdrew from the conspiracy at a period of time outside of the statute of limitations.

7

Therefore, Nitch contends, when counsel told Nitch he was ready to proceed to trial, he was improperly advising him, because he was not, in fact, ready to proceed to trial. Nitch asserts that his counsel must have planned to raise withdrawal as a defense, but then utterly failed to do so. As analyzed above, Nitch was unable as a matter of law to have availed himself of the withdrawal defense. It was not, therefore, objectively unreasonable for Nitch's counsel to have failed to prepare this defense. Therefore, Nitch cannot meet the Strickland test on this claim.

Nitch also contends that counsel should have called him to testify that, although he had cooked meth in the past, he had reformed his life when he moved to Missouri. Additionally, Nitch contends that counsel should have attempted to establish that Nitch's meth production was in furtherance of a separate conspiracy than the conspiracy charged in the indictment. However, counsel's strategy was not objectively unreasonable.

First, Nitch had proffered on two occasions prior to trial and admitted his involvement in the meth conspiracy. Given that the government could have confronted Nitch with his prior statements, it was not objectively unreasonable for Nitch's counsel to advise him not to testify. Second, counsel's strategic decision not to attempt to establish that multiple conspiracies existed, and that his client was a member of an uncharged one did not prejudice Nitch. As the Seventh Circuit pointed out, there was sufficient evidence from which a jury could conclude that Nitch was an early member in an ongoing conspiracy. Nitch is therefore unable to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Therefore, Nitch cannot meet the *Strickland* test on this claim, either.

To the extent that Nitch is claiming counsel was ineffective for failing to advise he plead guilty in order to obtain three points off for acceptance of responsibility, this claim, too, must fail because Nitch cannot show he was prejudiced by it. First, Nitch does not contend he would

8

have pled guilty were he advised to do so. Second, Nitch cannot show that he would have received the three points off, especially given that he still has not accepted responsibility for his conduct. Therefore, at best, Nitch can only show the mere possibility of prejudice and "[a] mere possibility of prejudice does not qualify as actual prejudice." *Prewitt*, 83 F.3d at 819.

## CONCLUSION

As the motion and the files and records of the case conclusively demonstrate that Nitch is not entitled to relief on his petition, a hearing is not necessary. The Court **DENIES** the Petition for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Doc. 1). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: February 20, 2009**

                        s/ J. Phil Gilbert
                        **J. PHIL GILBERT**
                        **DISTRICT JUDGE**